People of the State of Illinois ex rel. Marilyn Perz, Plaintiff-Appellant, v. Dr. Hans Schneemilch, Defendant-Appellee.

Gen. No. 50,171.

First District, Third Division.

December 16, 1965.

Jerome Berkson, of Chicago, for appellant.

Larry Levy, of Chicago, for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from an order finding the defendant not guilty and discharging him after trial on a complaint of paternity and from the trial court's denial of plaintiff's motion for a new trial. The cause was heard by the court without a jury.

The only question of importance in this case is whether it was error for defendant's attorney, without the knowledge of the plaintiff, to arrange to have sent to the

magistrate the results of a lie detector test taken by the defendant.

In preparing the record for appeal it developed that a written report of a polygraph examination of the defendant, which was addressed to "Honorable Judge Green, Court of Domestic Relations, Room 900, 1121 South State Street, Chicago, Illinois," bearing date August 24, 1964, (two days before the trial in this case) was attached to the record in the court file. The relatrix thereupon filed a motion for a new trial setting forth in part (a) that the court erred in accepting a polygraph examination report which was not known to the relatrix or her attorney and which was read by the court prior to or during the pendency of the hearing and trial of the cause; (b) that the court erred in reviewing, reading or considering said lie detector test or in accepting the same without determining the circumstances of the taking of such examination; (c) that the court erred in reading said polygraph report and that the same was prejudicial to the complainant; (d) that although the record failed to disclose the admission of the aforesaid lie detector test into evidence, nevertheless, said lie detector test was attached to the record and is part of the record presently filed in the office of the clerk of the court. The motion further relied upon an alleged error by the court in not declaring a mistrial after counsel for defendant stated in open court, ". . . the question of lie test . . . he took it freely and voluntarily . . . the doctor did take a lie test so I know it's not subject . . ." Objection was duly made by counsel for the relatrix to the foregoing statement referring to a lie detector test, and that the defendant had taken the same freely and voluntarily. The court ignored the objection.

The motion for a new trial was thereafter argued before Magistrate Greene, and it is significant that the magistrate who heard this case did not during the trial

of the case disclose that he had received the results of a lie detector test, nor did he at any time during the argument on the motion for a new trial comment on the fact that the results of a lie detector test had been brought to his attention. He merely denied the motion for a new trial.

The polygraph examination report at the beginning reads as follows:

"ARRANGEMENTS:

At the request of Attorney Larry Levy, Hans Schneemilch was examined on the polygraph, a detection of deception technique. The purpose of the examination was to investigate the paternity of the illegitimate child born to Marilyn Perz in January 1964."

and the test concludes as follows:

"CONCLUSION:

After careful analysis of this subject's polygrams, it is the opinion of the examiner that he substantially told the truth."

What is meant by "substantially" telling the truth on this simple issue is not shown.

It is not disputed that the arrangements were made by the attorney for the defendant for taking of the lie detector test and for the delivery of the same to Magistrate Greene without the knowledge of the relatrix. During the oral argument of this case the attorney for the defendant admitted that he had arranged for the taking of the test by Dr. Hans Schneemilch, and apparently saw nothing wrong in having the results of that test brought to the attention of the court without the knowledge of the relatrix. Obviously the only purpose in

339

sending the results of the lie detector test to the magistrate was to influence his decision in the case. The fact that it was not divulged to the relatrix or her attorney is not explained.

In People v. Zazzetta, 27 Ill2d 302, 306, 189 NE2d 260, the court said:

> "In the absence of stipulation, our courts, without exception, reject the results of lie-detector tests when the same are offered in evidence for the purpose of establishing the guilt or innocence of one accused of a crime. (cases cited). . . . The reason most commonly assigned for the exclusion of the results of a lie-detector test from evidence is the contention that the lie detector has not yet attained sufficient scientific acceptance as a reliable and accurate means of ascertaining truth or deception as to be acceptable in a court of law."

■ ■ An action under the Paternity Act is not a criminal action in this state, nevertheless, the same rule and reason for excluding the admission of the lie detector test in a criminal case would apply with equal force to an action brought under the Paternity Act.

We have no way of knowing to what extent the magistrate may have been influenced by reading the results of this test which were before him. Even if a lie detector test was admissible in a court of law, it would be necessary to prove the qualifications of the party administering the test, which is wholly absent here.

In People v. Boney, 28 Ill2d 505, 192 NE2d 920, the court stated that the results of the lie detector test could not properly be introduced as evidence of either the guilt or innocence of the accused. While the results of the lie detector test were not offered in evidence in this case, the document was before the magistrate.

340

We are of the opinion that the plaintiff did not receive a fair and impartial trial in this case and the judgment of the court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

DEMPSEY, P. J. and SCHWARTZ, J., concur.