People of the State of Illinois, ex rel. Marilyn Perz, Plaintiff-Appellant, v. Hans Schneemilch, Defendant-Appellee.

**Gen. No. 51,566.**

First District, Third Division.

April 20, 1967.

Jerome Berkson, of Chicago, for appellant.

Adamowski, Newey & Riley, of Chicago (Francis X. Riley, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In an action to establish the paternity of a child born to plaintiff on January 13, 1964, the court entered judgment against defendant and made certain provisions for child support, attorney's fees and bond. Plaintiff charges error in that the court (1) fixed an inadequate amount for child

support; (2) failed to allow recovery of the costs of prosecuting suit, such as the expenses for printing briefs; (3) allowed inadequate attorney's fees; and (4) fixed the bond at an amount insufficient to assure defendant's payment of child support.

As to the first contention, the court fixed the awards for child support at $1,500 for the period after the child's birth and prior to entry of judgment and $35 a week for current support. Plaintiff's testimony is that the average weekly expense of raising the child is over $57. She bases her computation on the following expenses incurred in the years 1964 and 1965:

| | 1964 | 1965 |
| ----------------------------- | ---------- | ----------- |
| Food | $ 525.82 | $ 1,289.70 |
| Utilities | 60.00 | 75.00 |
| Doctor | 47.00 | 60.32 |
| Miscellaneous | 99.12 | 127.87 |
| Clothing, bedding & furniture | 765.25 | 432.17 |
| Rent or child care | 1,200.00 | 1,500.00 |

Plaintiff further testified that the child had developed an asthmatic condition which required additional expenses of $20 a month, which had not been considered in arriving at the figure of $57.

On cross-examination the plaintiff testified that she and the infant lived in her parents' home; that she had paid no rent since the child's birth, although she had paid $25 a week prior thereto; that she did not work because she could not afford to hire a baby-sitter; that the amounts shown for utilities represented increases in the gas, electric and water bills since the birth of the child and that the sums listed, with the exception of doctor's bills, were based on her estimates.

Defendant presented no evidence to controvert the plaintiff's testimony, but testified that he was making support payments for a child of a former marriage and that in recent months his expenses exceeded his income.

373

It is undisputed that defendant's gross earnings over the three-year period prior to trial averaged $24,000 a year. Plaintiff offered no evidence in rebuttal of that testimony.

 The purpose of the Paternity Act, Ill Rev Stats, c 106¾ (1965), as set forth in §§ 54 and 59, is to provide "support, maintenance, education and welfare" for the child. Such support and the prevention of the child's becoming a charge on society is the primary concern of the act. Section 17 of the Bastardy Act (Laws 1872), (forerunner of the present Paternity Act) ; Pease v. Hubbard, 37 Ill 257; McElhaney v. People, 1 Ill App 550; Cornmesser v. Laken, 43 Ill App2d 324, 193 NE2d 337. The statute however specifically limits the expenses recoverable by the mother to those incurred for "pregnancy, confinement, and recovery," and reasonable attorney's fees. [1]

 Plaintiff testified that she paid no rent nor had she obtained a baby-sitter for the child, but states that expenses for rent and child care *attributable to the child* are $125 a month. It is obvious that this sum does not represent an actual outlay of funds. She seeks to hold defendant responsible for the rent as part of the support payments, as in a separate maintenance or divorce case. There is no provision in the act for such payment, express or implied, nor does it appear that it was intended to equate the mother of a child with the wife in a divorce or separate maintenance action. Therefore a large portion of the $125 a month figure was erroneously included in plaintiff's computations. The evidence supports the trial court's award of $35 per week for current child support payments. With respect to the award made for the prejudgment period, we realize the difficulty of arriving at a precise figure. $1,500 is inadequate for a period of slightly over 120 weeks. The amount should be increased to $2,500, which would average out to a little

---

[1] Ill Rev Stats, c 106¾, § 59 (1965).

more than $20 a week. It should be noted that the court retains jurisdiction of the cause and that should the circumstances be altered, plaintiff may petition for an increase in the amount of the support payments.[2]

▮▮▮▮ Plaintiff's second contention is that she should be reimbursed for her costs in litigating the issue of paternity. The present appeal is the second taken by plaintiff in this lawsuit. On the first appeal this court reversed the judgment for the defendant on the question of paternity and remanded the cause for a new trial. People ex rel. Perz v. Schneemilch, 65 Ill App2d 337, 213 NE2d 50. Plaintiff now seeks to recover $517.15 as costs incurred by her in the prior proceedings. Enumerated in her petition are claims for court reporter's fees, filing fees, witness fees, and expenses for printing briefs on the first appeal. The amount sought by plaintiff is admittedly over and above the $116 already paid by defendant, as per the bill of costs of this court in connection with the prior appeal. The trial court disallowed plaintiff's petition on the ground that the Paternity Act does not provide for the items in question. Plaintiff argues that the statute, by providing for the recovery of reasonable attorney's fees, manifests an intent that the successful plaintiff-mother be reimbursed for all her legal expenses. In Ritter v. Ritter, 381 Ill 549, 46 NE2d 41, the Supreme Court analyzed the background of the law relating to the recovery of costs and expenses of litigation and noted that there was no principle at common law which would permit such recovery. The court said:

> "The allowance and recovery of costs rests entirely upon statutory provisions and no liability for costs exists in the absence of statutory authorization. . . . A court of chancery may be vested with a power to exercise a discretion in awarding costs but the power to act must come from a statute and *the discretion*

2 Ill Rev Stats, c 106¾, § 59 (1965).

*must be confined to that which is authorized by legislative enactment."* (Emphasis added.) (Pp 552–553.)

The Act provides for the recovery of "reasonable attorney's fees" and does not allow reimbursement for other costs of litigation, and the trial court properly denied plaintiff's claim in this respect.

Plaintiff further contends that the compensation awarded her for her attorney's fees is inadequate. The trial court held that $500 was a reasonable sum considering the time spent in trial and the nature of the lawsuit. Plaintiff's attorney argues that he spent a total of 93 hours in preparing the post-trial motion following the first trial, in taking the first appeal and in the trial of the case on remandment. He estimated that a reasonable fee would be $5,000. He was supported in this by the testimony of two other lawyers. In determining the amount to be awarded to plaintiff for her attorney's fees, we think it proper that the time spent in preparation of all phases of the lawsuit be taken into account. Accepting plaintiff's figure of 93 hours, however, a fee of $5,000 would average over $53 an hour, an excessive sum in a case presenting the simple issue of paternity. In our opinion a fair amount for the work done by plaintiff's attorney is $1,000.

Plaintiff's final contention is that the $5,000 bond affords insufficient security to her. From the record it appears that the defendant has never missed making a payment nor has the plaintiff presented any evidence to suggest that he intends to neglect his statutory obligation to support his child. Under these circumstances we conclude that the bond in the sum of $5,000 is sufficient, noting that section 60 of the Paternity Act provides that a bond may be increased by the court when it is "necessary to assure compliance with the order of child care and support. . . ."

376

The judgment is affirmed except as to the amounts for child support for the period prior to judgment and for attorney's fees. The cause is remanded with directions to increase the sum awarded for the prejudgment period from $1,500 to $2,500 and that for attorney's fees from $500 to $1,000, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment affirmed in part and reversed in part and cause remanded with directions.

SULLIVAN, P. J. and DEMPSEY, J., concur.