JUDITH KAREN KOLAR, Plaintiff-Appellee, *v.* ROBERT D. KOLAR, Defendant-Appellant.

First District (3rd Division)    Nos. 61138, 62563 cons.

Opinion filed March 16, 1977.

Robert D. Kolar, of Chicago (Judge, Hunter and Schirott, Ltd., of counsel), for appellant, *pro se.*

Gomberg and Schaps, of Chicago (Nathan M. Gomberg and Steven P. Gomberg, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The defendant, Robert D. Kolar, appeals from an order of the circuit court of Cook County denying his petition to modify portions of a property settlement agreement contained in a divorce decree entered in favor of the plaintiff, Judith Karen Kolar. Defendant also appeals from an order of the trial court which awarded plaintiff $1,750 as attorney's fees for the defense of the appeal. These matters have been consolidated.

On May 31, 1973, the parties were divorced. The decree of divorce contained a property settlement agreement executed by both parties. The agreement provided for a lump sum settlement to plaintiff in the amount of $14,400 payable at the rate of $250 per month for a period of 57 3/5 months and for a waiver of alimony by plaintiff. The agreement also provided that defendant should make child support payments to plaintiff in the amount of $250 per month. The agreement contained a provision in which defendant agreed to convey to plaintiff the marital residence located in Chicago. In connection with that conveyance, the following sentence appeared in the agreement:

> "The parties estimate that if, as of the date of this Amended Agreement said premises were sold, that the Wife would enjoy net proceeds of approximately $25,000.00."

Since at the time of the agreement the property had a mortgage of $30,000, the parties apparently estimated its total worth at $55,000.00.

On June 27, 1974, defendant filed an amended petition to modify portions of the decree relating to the property settlement agreement. The petition stated that the marital residence conveyed to plaintiff had an actual value of $72,850 at the time of the entry of the divorce decree. In support of that allegation defendant offered a written appraisal which was never controverted in the trial court. Defendant claimed that the erroneous valuation of the real estate amounted to a mutual mistake justifying modification of the decree, or that in the alternative, the excess in value over $55,000 was held by plaintiff in constructive trust for defendant.

Subsequently, in September 1974, defendant also requested the court to modify the lump-sum payment of $14,400 to plaintiff so that it would be fully paid at $250 per month within 48 months instead of the 57 3/5

months provided in the decree. Defendant predicated this argument on the allegation that plaintiff concealed her assets prior to the entry of the decree. The parties originally had agreed that the payment be made within 48 months. Plaintiff was to receive $500 per month, $300 to be applied to the settlement, and $200 to consist of child support payments. At the prove-up prior to the entry of the decree, the court, not the present judge, examined the parties as to their income and assets. Plaintiff informed the judge that she was not employed. When asked about her independent income, plaintiff stated that it consisted of "just a few stocks." The judge expressed the belief that the child support figure of $200 per month appeared to be insufficient. The parties and their respective counsel then agreed to alter the allocation of the $500 per month payment. The monthly payment for child support would be increased to $250 and the 48-month period of payment on the lump-sum agreement was lengthened by 9.6 months. In his petition for modification, defendant did not maintain that plaintiff then was employed but charged that plaintiff's private investments at the time of the entry of the decree provided her with an income of almost $100 per month.

After considering memoranda and hearing argument, the trial court denied defendant's petition to modify the divorce decree. In connection with the value of the real estate, the trial judge observed that both parties had been represented by counsel, and that both had ample opportunity to ascertain its value prior to the entry of the divorce decree.

■■■ Modification of a divorce decree rests in the sound discretion of the trial court, and courts of review will not disturb its findings unless the evidence clearly so requires. (*Edwards v. Edwards* (1970), 125 Ill. App. 2d 91, 259 N.E.2d 820.) Amicable settlement of property rights is viewed with favor and the law is reluctant to disturb a decree based thereon. (*Walters v. Walters* (1951), 409 Ill. 298, 99 N.E.2d 342.) The burden of proving fraud or concealment is on the party asserting it, and that burden is more onerous when a party seeks to vacate or modify a property settlement incorporated in a divorce decree, all presumptions being in favor of the validity of the settlement. *Lagen v. Lagen* (1973), 14 Ill. App. 3d 74, 302 N.E.2d 201.

■■ In our view, the trial court exercised sound discretion in denying defendant's petition to modify the property settlement agreement. With reference to the marital residence, there is no suggestion that plaintiff committed any fraudulent act or attempted to conceal its value. As the trial court observed, both parties were represented by counsel and had ample opportunity to ascertain the value of the property prior to the entry of the decree. Just as significantly, the reference in the agreement to the realty indicated that it was merely estimated by the parties that an immediate sale would result in the net proceeds of $25,000 to the plaintiff.

Such language does not reflect that the parties relied on the estimate as a basis for the lump-sum settlement, or that a mistake was made, and that it was mutual and common to both parties. See *Harley v. Magnolia Petroleum Co.* (1941), 378 Ill. 19, 37 N.E.2d 760.

■■ Similarly, we do not believe that, under the circumstances, plaintiff's general statement that her independent income consisted of "just a few stocks" constituted a concealment warranting a modification of the divorce decree. In this regard, the trial judge's observation that both sides were represented by counsel with ample opportunity to ascertain value is pertinent. Counsel for defendant did not see fit to cross-examine the plaintiff as to her stock ownership. Moreover, the property settlement agreement acknowledged that both parties had been fully informed as to the wealth, property, and income of the other. Defendant had been aware of plaintiff's stock ownership prior to the entry of the decree, but maintains that the court was deceived by the plaintiff's answer to the question. Since defendant knew the facts, he cannot now complain about that portion of the property settlement agreement. It should also be noted that while the judge hearing the prove-up expressed reservations about the amount of child support, it was the parties, advised by their respective counsel, who entered into the amended agreement covering the additional 9.6 months of payment of the lump-sum settlement. The trial court properly denied defendant's petition to modify the divorce decree.

Defendant next contends that the trial court incorrectly awarded plaintiff $1750 as attorney's fees for the defense of the appeal.

On September 10, 1974, the court denied defendant's petition to modify the decree. Thereafter, defendant filed an appeal from that order. On March 5, 1975, plaintiff filed a petition for an award of attorney's fees and costs for the defense of the appeal. On April 3, 1975, at a hearing on that petition, defendant was the only party to offer any evidence as to the respective income and assets of both parties. Defendant stated that plaintiff's income of which he was aware amounted to nearly $900 per month, together with $15,000 in stocks, the marital residence, and $5000 worth of china, sterling, and crystal. Defendant stated that his income did not cover his expenses, that he had to borrow money, that he had no bank account, and was unable to pay plaintiff any attorney's fees. The trial court stated that he accepted everything that defendant had stated as true. The court also commented that he could not compel the plaintiff to sell part of her estate. The court thereupon awarded plaintiff the aforesaid amount of fees and costs to defend the appeal.

On June 9, 1975, a hearing was had on defendant's petition for a rehearing on the question of attorney's fees. At the proceeding, defendant stated that since the last hearing he had learned of additional income

accruing to the plaintiff. She had an income of at least $940 per month as against his own net income, after payments to plaintiff, of $765 per month. Defendant stated that he could not pay any judgment for attorney's fees in any amount, and the trial judge relied that it may very well be that he could not. Defendant offered to withdraw the appeal if it could be done without paying any fees. Counsel for plaintiff objected and stated that some fees would have to be paid. The trial court thereupon continued the matter for a determination on whether any fees would be payable if the appeal were to be withdrawn. On June 26, 1975, the court concluded that some fees would have to be paid even if the appeal from its order denying the petitions to modify the decree was withdrawn. Defendant filed a second appeal from this order.

■5   Attorney's fees may be awarded to a party defending an appeal when the court deems it reasonable and proper. (*Woodshank v. Woodshank* (1973), 13 Ill. App. 3d 692, 300 N.E.2d 494.) The allowance of attorney's fees in a divorce action rests in the sound discretion of the trial court, and that exercise will not be interfered with unless clearly abused. (*Landrey v. Landrey* (1957), 13 Ill. App. 2d 202, 141 N.E.2d 405.) However, a wife ordinarily is primarily responsible for her own attorney's fees and costs. (*Jones v. Jones* (1964), 48 Ill. App. 2d 232, 198 N.E.2d 195.) It is well settled that in order to justify the allowance of attorney's fees in a divorce proceeding, the party seeking relief must show financial inability to pay and the ability of the other spouse to do so. *McLeod v. McLeod* (1971), 133 Ill. App. 2d 111, 272 N.E.2d 834; *Lacey v. Lacey* (1974), 24 Ill. App. 3d 776, 321 N.E.2d 524.

■■   In the present case, defendant was the only one who offered evidence as to the parties' ability to pay fees to defend the appeal. We are unable to determine from that evidence whether plaintiff was able to pay her own attorney's fees. However, defendant's statements, accepted as true by the trial court, revealed that he was in debt, unable to borrow money, and without resources of any kind to pay any part of plaintiff's attorney's fees. Defendant even expressed a willingness to abandon his appeal from the order denying his petition to modify the divorce decree if he could be excused from paying any fees. This offer was rejected by plaintiff's counsel. We conclude that the trial court erred in ordering defendant to pay plaintiff attorney's fees to defend the appeal.

■■   In her brief, plaintiff does not challenge the general principle that, to be awarded fees, she must show an inability to pay and the ability of defendant to pay those fees. Rather, plaintiff relies heavily on an exception to the general rule which permits the assessment of attorney's fees against a husband guilty of repeated harassment of a wife or against one who continually litigates in bad faith. (*Miezio v. Miezio* (1955), 6 Ill. 2d 469, 129 N.E.2d 20; *Albert v. Albert* (1972), 10 Ill. App. 3d 539, 294

N.E.2d 695.) Defendant sought to have the divorce decree modified on the basis of mutual mistake as to the value of the marital residence and because of alleged concealment of her assets on the part of plaintiff. Defendant appealed an adverse order from that petition. He then resisted plaintiff's efforts to compel him to pay attorney's fees to defend against his appeal. We find absolutely no harassment or bad faith to have been evidenced by defendant in the present case.

For the reasons stated, the order of the circuit court of Cook County denying defendant's petition to modify the divorce decree is affirmed. The order awarding plaintiff attorney's fees to defend the appeal is reversed.

Affirmed in part; reversed in part.

JIGANTI and McGILLICUDDY, JJ., concur.