THE PEOPLE *ex rel.* ILLINOIS STATE BOARD OF ELECTIONS, Plaintiff-Appellant, *v.* VICTOR deGRAZIA *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 81-963

Opinion filed April 6, 1982.

510

Tyrone C. Fahner, Attorney General, of Chicago (Karen Konieczny, Assistant Attorney General, of counsel), for appellant.

Foran, Wiss & Schultz, of Chicago (Thomas A. Foran, Stephen A. Forman, and Jeffrey C. Blumenthal, of counsel), for appellee Victor deGrazia.

Antonow & Fink, of Chicago (William I. Goldberg and Alan P. Solow, of counsel), for appellee Daniel Walker.

Sneider & Troy and Foss, Schuman & Drake, both of Chicago, for appellee James R. Sneider.

JUSTICE DOWNING delivered the opinion of the court:

The Attorney General, on the relation of the Illinois State Board of Elections, filed a two-count complaint in the circuit court on July 1, 1980, alleging violations of section 9—25 of the Illinois Election Code (Ill. Rev. Stat. 1979, ch. 46, par. 9—25). Pursuant to section 1A—1 of the Election Code, the State Board of Elections generally supervises the administration of the registration and election laws throughout the State. Named as defendants in the complaint were Victor deGrazia, James R. Sneider, individually and as treasurer of the All Illinois Democratic Committee (AIDC), Daniel Walker, and AIDC.

AIDC was a State political committee (section 9—1.8 of the Election Code) formed to retire debts incurred by the successful 1972 gubernatorial campaign of Daniel Walker. James R. Sneider was the treasurer of the committee. Victor deGrazia was Deputy to the Governor of Illinois at the time of the alleged contributions.

Article 9 of the Election Code requires various political organizations to record and report receipts and expenditures. AIDC litigated the applicability of these reporting requirements. (See *Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 359 N.E.2d 113; *Walker v. State Board of Elections* (1979), 72 Ill. App. 3d 877, 391 N.E.2d 507.) AIDC finally complied with the reporting requirements by filing its final report with the State Board of Elections on September 28, 1978. A copy of the report, signed by Sneider, was appended as an exhibit to the instant complaint.

According to the report, deGrazia made the following contributions to AIDC in his own name on the dates indicated:

| | |
|---|---:|
| May 1, 1975 | $10,000 |
| May 2, 1975 | 8,000 |
| May 5, 1975 | 9,000 |
| May 9, 1975 | 10,000 |
| May 14, 1975 | 2,000 |
| June 11, 1975 | 3,500 |
| June 30, 1975 | 5,800 |
| Total | $48,300 |

Count I, paragraph 10 of the complaint alleged, on information and belief, that these contributions made by deGrazia in his own name were actually contributions made and received from another person, and thus were "in the name of another person" within the meaning of section 9—25. Paragraphs 11-14 alleged that each defendant knew or should have known that these contributions were "in the name of another person." Paragraphs 15-18 alleged that each defendant accepted these "anonymous" contributions in violation of section 9—25 without forwarding them to the State treasurer. The prayer for relief in count I sought a finding that these contributions violated section 9—25, a declaration that these contributions escheated to the State, and a judgment against defendants for $48,300.

Count II of the complaint realleged the entire body of count I, and then alleged that each defendant wrongfully used, appropriated, and converted the "anonymous" contributions described in count I. Count II sought an accounting of the contributions and imposition of a constructive trust in favor of the State as to the $48,300. The circuit court dismissed the complaint for failure to state a cause of action.

I

Plaintiff contends that the circuit court erred in dismissing the complaint. The circuit court based its decision on a variety of reasons, including the following: there were no anonymous contributions or contributions by one person in the name of another; Walker and deGrazia were not members of the committee; there was no allegation that Walker performed or participated in any acts involved in the complaint; Sneider was only acting in a ministerial capacity; and any action against AIDC should have been instituted at the administrative level. Statute of limitations and res judicata defenses raised by defendants were not ruled on by the circuit court.

■■ We agree with the circuit court that the complaint fails to allege a cause of action. We find it necessary to deal with only one of the contentions raised by defendants.

Section 9—25 of the Election Code reads:

"No person shall make an anonymous contribution or a contribution in the name of another person, and no person shall knowingly accept any anonymous contribution or contribution made by one person in the name of another person. Anonymous contributions shall escheat to the State of Illinois. Any political committee that receives such a contribution shall forward it immediately to the State Treasurer." (Ill. Rev. Stat. 1979, ch. 46, par. 9—25.)

Section 9—25 deals with two types of prohibited contributions: anonymous contributions and contributions made by one person in the name of another person. As the campaign disclosure act (section 9—11) requires the specific identification of all who contribute $150 or more per year, it is obvious the legislature intended to prohibit contributions in the name of another person and those that are anonymous. Although anonymous[1] contributions are not defined, we consider those to be contributions received where the contributor is unknown, unnamed, or the source or origin (donorship) cannot be identified. The instant contributions having been identified as from deGrazia, it follows, as a matter of law, the contributions cannot be anonymous.[2] The legislature further provided that of these two types of contributions, only anonymous contributions escheat to the State of Illinois.

■■ Plaintiff contends that the deGrazia contributions escheated to the State of Illinois. As noted earlier, section 9—25 provides that anonymous contributions shall escheat to the State, but makes no provision for contributions made by one person in the name of another person. At oral argument, counsel for the Board of Elections contended that the terms "anonymous" contributions and contributions "in the name of another person" are snyonymous. Counsel also conceded that section 9—25 expressly provides only for the escheat of "anonymous" contributions. We reject the argument that these terms are synonymous, as the statute plainly refers to two separate types of prohibited contributions, providing different sanctions for each type of contribution. Therefore, in order for plaintiff to prevail, we must read section 9—25 to apply equally to both types of contributions.

■■ Escheat, as used in this statute, means the reversion or forfeiture of property to the State upon the happening of some event. So far as we can determine, the reviewing courts of this State have not previously considered whether escheat is penal in nature. It has been noted by commentators in discussing the general subject of escheats that they are

---

[1] See Webster's Third New International Dictionary 89 (1976).

[2] In fact, the plaintiff in its brief in this court concedes:

"[I]t is the State Board's belief that the contributions set out above, although reported in the name of Victor deGrazia were, in fact, contributions received from a person other than Victor deGrazia."

not favored by the law and any doubt whether property is subject to escheat is resolved against the State. (See 27 Am. Jur. 2d *Escheat* §10 (1966).) We believe, as used in section 9—25, escheat is penal in nature. (*Cf.* 27 Am. Jur. 2d *Escheat* §1 (1966) ("As applied to corporate property, escheat is in the nature of a penalty").) The section commands and prohibits certain acts and provides for the penalty of escheat.[3] *Cook County v. Thomas Recreational Vehicle* (1979), 68 Ill. App. 3d 582, 584, 386 N.E.2d 591; see also *Bee Jay's Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 95, 367 N.E.2d 173, *cert. denied* (1978), 435 U.S. 970, 56 L. Ed. 2d 61, 98 S. Ct. 1610.

Penal statutes must be strictly construed and will not be extended beyond their obvious or literal meaning. *Cedar Park Cemetery Association, Inc. v. Cooper* (1951), 408 Ill. 79, 83, 96 N.E.2d 482; *Midwest Television, Inc. v. Champaign-Urbana Communications, Inc.* (1976), 37 Ill. App. 3d 926, 932, 347 N.E.2d 34; see also *Boghosian v. Mid-City National Bank of Chicago* (1960), 25 Ill. App. 2d 455, 463, 167 N.E.2d 442, *appeal denied* (1960), 19 Ill. 2d 625 (right of government to acquire property by escheat must be strictly construed).

■■ Applying a strict construction to section 9—25, we hold that it does not provide a statutory remedy to the Board of Elections for contributions made by one person in the name of another person.

■■ All the relief sought by plaintiff, including the declaratory judgment, accounting, and imposition of a constructive trust is predicated on either our determination that these contributions are "anonymous" or on the existence of a statutory remedy under section 9—25 for contributions made in the name of another person. Since we hold as a matter of law that these contributions are not anonymous and that no statutory remedy exists for contributions made by one person in the name of another, the circuit court properly dismissed the complaint.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

PERLIN and HARTMAN, JJ., concur.

---

[3] As additional penalties, criminal sanctions for violation of section 9—25 are provided for by section 9—26 of the Election Code. Ill. Rev. Stat. 1979, ch. 46, par. 9—26.