CATHERINE SASKILL *et al.*, Plaintiffs-Appellants, v. 4-B ACCEPTANCE *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 84—1949

Opinion filed December 11, 1985.

William J. Harte, Ltd., of Chicago (William J. Harte and Gay Lynn Rice, of counsel), for appellant.

Gerald M. Rubin, of Skokie, for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Catherine Saskill appeals from the order of the trial court denying her petition for attorney fees for post-trial and appellate work in an action brought under the Illinois Interest Act.

Plaintiff originally sued defendants, 4-B Acceptance and Joseph and Jack Buttitta, for charging her usurious interest rates on monies owed by her. The trial court held that defendants had engaged in a usurious transaction and awarded damages to plaintiff, plus $22,702.20 for attorney fees and costs, pursuant to section 6 of the Interest Act (Ill. Rev. Stat. 1979, ch. 74, par. 6, now Ill. Rev. Stat. 1983, ch. 17, par. 6413). Post-trial motions and an appeal followed, and we affirmed the judgment. *Saskill v. 4-B Acceptance* (1983), 117 Ill. App. 3d 336, 453 N.E.2d 761.

Plaintiff then returned to the trial court and requested an additional $22,890 in attorney fees and $426 in costs for defending

against defendants' post-trial motions and appeal. The trial court held that the penal nature of the Interest Act did not permit an additional award of attorney fees for post-trial and appellate work. We agree.

Illinois follows the "American Rule," which disallows attorney fees for the successful litigant in the absence of a statute or agreement. (*Meyer v. Marshall* (1976), 62 Ill. 2d 435, 343 N.E.2d 479, *on remand* (1978), 66 Ill. App. 3d 55, 383 N.E.2d 627; *House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 245 N.E.2d 468, *cert. denied* (1969), 396 U.S. 8, 24 L. Ed. 2d 8, 90 S. Ct. 26.) The legislature, however, has provided for fee shifting in well over 80 statutes. (See generally Saltzman, *A Brief Look at Statutory Attorney's Fees in Illinois*, 73 Ill. Bar J. 266 (1985) (listing 88 Illinois statutory fee shifting provisions).) Many of these statutes relate to consumer protection, including the Illinois Interest Act provision at issue here.

The Interest Act provides, as part of a penalty provision, that lenders who charge unlawful interest rates must pay the borrowers "such reasonable attorney's fees and court costs as may be assessed by a court against the lender." Ill. Rev. Stat. 1979, ch. 74, par. 6.

In *Meyer v. Marshall* (1978), 66 Ill. App. 3d 55, 383 N.E.2d 627, this court held that without express statutory authority no attorney fees could be awarded for appellate work under the Municipal Code. (Ill. Rev. Stat. 1975, ch. 24, par. 11—13—15.) That statute allowed a successful "plaintiff a reasonable sum of money for the services of plaintiff's attorney." In *Meyer*, we relied on three grounds which are applicable to the present case.

First, the legislature failed to expressly provide for appellate fees while it has done so in other statutes. (See Ill. Rev. Stat. 1983, ch. 40, par. 508. See also *In re Marriage of Giammerino* (1981), 94 Ill. App. 3d 1058, 419 N.E.2d 598; *Kolar v. Kolar* (1977), 47 Ill. App. 3d 37, 361 N.E.2d 751.) Because of the uniqueness of this statute, we find this area of law to be distinct from other areas, and on that basis we distinguish the holdings of *Finley v. Finley* (1979), 75 Ill. App. 3d 89, 393 N.E.2d 1060, and *People v. Scheenmilch* (1967), 82 Ill. App. 2d 371, 227 N.E.2d 132, cited by plaintiff as supporting her position. No such express statutory authority for awarding appellate attorney fees exists in the Interest Act.

■■ ■ Second, such statutes allowing fees should be strictly construed. In interpreting a statute, we must give effect to the legislature's intent, as found in the specific language of the statute. (*Verni v. Imperial Manor of Oak Park Condominium, Inc.* (1981), 99 Ill. App. 3d 1062, 425 N.E.2d 1344; *Qazi v. Ismail* (1977), 50 Ill. App. 3d 271, 364 N.E.2d 595.) Illinois courts interpret statutes strictly when they

are in derogation of the common law. (*Model Industries, Inc. v. Walsh Press & Die Co.* (1982), 111 Ill. App. 3d 572, 444 N.E.2d 639; *Lites v. Jackson* (1979), 70 Ill. App. 3d 374, 387 N.E.2d 1118.) Penal statutes are also construed strictly and in favor of the accused so as not to subject someone to a penalty unless the statutory language plainly imposes it. (*United States v. Campo-Serrano* (1971), 404 U.S. 293, 30 L. Ed. 2d 457, 92 S. Ct. 471; *People v. Foster* (1983), 99 Ill. 2d 48, 457 N.E.2d 405; *City of Chicago v. Strauss* (1984), 128 Ill. App. 3d 193, 470 N.E.2d 563; *People ex rel. Illinois State Board of Elections v. de Grazia* (1982), 105 Ill. App. 3d 509, 434 N.E.2d 543; *Midwest Television, Inc. v. Champaign-Urbana Communications, Inc.* (1976), 37 Ill. App. 3d 926, 347 N.E.2d 34.) The legislative goal of the Interest Act is to impose a civil penalty on the lender, not to compensate the debtor. (*Merchandise National Bank v. Scanlon* (1980), 86 Ill. App. 3d 719, 408 N.E.2d 248.) The penal nature of the statute is apparent in the legislature's elimination of any forfeiture provision for unknowing violators of the Act. (See *Saskill v. 4-B Acceptance* (1983), 117 Ill. App. 3d 336, 453 N.E.2d 761.) The penalty ensures compliance with the Act. In the present case, the trial court properly relied on the penal nature of the Interest Act in finding that the fee shifting provision must be strictly construed so as to disallow an award of attorney fees for post-trial work.

In addition, Illinois courts generally have used strict construction in reviewing fee shifting provisions. In *People v. Johnson* (1981), 87 Ill. 2d 98, 429 N.E.2d 497, the court found that, unlike the Code of Criminal Procedure (Ill. Rev. Stat. 1977, ch. 38, par. 121—13), which allows appellate fees when appointed counsel appeals a felony conviction, appellate fees are not statutorily authorized for appeal of a trial court's excessive low award for attorney fees. In *Thornton v. Illinois Founders Insurance Co.* (1981), 84 Ill. 2d 365, 418 N.E.2d 744, the court held that under the Costs Act (Ill. Rev. Stat. 1979, ch. 33, par. 1 *et seq.*) a successful litigant was not entitled to costs on appeal or attorney fees. In *M&W Gear Co. v. AW Dynamometer, Inc.* (1981), 97 Ill. App. 3d 904, 424 N.E.2d 356, the court disallowed appellate fees under the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1979, ch. 121½, par. 270a(c)) because they were not statutorily authorized. In *Bank of Naperville v. Catalano* (1980), 86 Ill. App. 3d 1005, 408 N.E.2d 441, the court disallowed appellate fees absent express statutory authority where a bank sought restitution from customers after erroneous application of funds. We see no reason to depart from this line of reasoning.

Third, cases in other jurisdictions construing usury and other stat-

utes support a finding disallowing an award for appellate attorney fees in the present action. See *National Credit Co. v. Franklin* (1936), 177 Okla. 417, 60 P.2d 744; *Reeves v. First State Bank* (Okla. App. 1969), 463 P.2d 340; *Lewis & Queen v. S. Edmondson & Sons* (1952), 113 Cal. App. 2d 705, 248 P.2d 973.

Plaintiff argues that several Illinois cases have allowed attorney fees for appellate work, but these cases are distinguishable. In *Department of Conservation v. Lawless* (1981), 100 Ill. App. 3d 74, 426 N.E.2d 545, and *Department of Public Works & Buildings v. Lanter* (1958), 15 Ill. 2d 33, 153 N.E.2d 552, the courts allowed fees for appellate work in eminent domain cases. The *Lanter* court pointed out, however, that the right to appeal in an eminent domain case is a statutory right. No similar right exists under the Interest Act. Moreover, eminent domain cases are not penal in nature. The Illinois class action cases are also distinguishable because an exception exists to the "American Rule" when a fund has been brought within the control of the court by the parties. *Hamer v. Kirk* (1976), 64 Ill. 2d 434, 356 N.E.2d 524; *Client Follow-Up Co. v. Hynes* (1982), 105 Ill. App. 3d 619, 434 N.E.2d 485.

In the Insurance Code case plaintiff cites *Goble v. Central Security Mutual Insurance Co.* 1970), 125 Ill. App. 2d 298, 260 N.E.2d 860, decided under section 155 of the Insurance Code (Ill. Rev. Stat. 1969, ch. 73, par. 767(b)), appellate fees were allowed. The general intent of that provision, however, is to place the insured in as good a position as he would have been in had the insurer complied with the Insurance Code. (*Watson v. State Farm Fire & Casualty Co.* (1984), 122 Ill. App. 3d 559, 461 N.E.2d 57.) The Interest Act does not have that purpose. As we have noted, the Interest Act imposes civil penalties, and does not seek to compensate the borrower, as is evident from the fact that the Act only penalizes knowing violators. *Merchandise National Bank v. Scanlon* (1980), 86 Ill. App. 3d 719, 408 N.E.2d 248; *Saskill v. 4-B Acceptance* (1983), 117 Ill. App. 3d 336, 453 N.E.2d 761.

Finally, we find the cases cited by plaintiff that are based on Federal laws to be irrelevant to the present action. The case before us is based on an Illinois statute which has been interpreted by Illinois courts.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE, P.J., and RIZZI, J., concur.