EDWARD I. STEIN, Plaintiff-Appellant, *v.* MARY H. FELDMANN, Defendant-Appellee.

First District (3rd Division)   No. 79-606

Opinion filed June 18, 1980.

Louis Z. Grant, of Chicago, for appellant.

Mary H. Feldmann, of Chicago, for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Edward Stein, sought to recover attorney's fees pursuant to an arbitration agreement entered into with defendant, Mary Feldmann. The trial court denied plaintiff's motion for attorney's fees and plaintiff appeals. We affirm.

Plaintiff, an attorney, filed a complaint to recover his fee for representing defendant in a divorce proceeding. The parties subsequently agreed to submit the matter to arbitration before the Professional Fee Committee of the Chicago Bar Association. An arbitration agreement furnished by the Professional Fee Committee was signed by both parties. Following a hearing, the arbitrators entered an award of $2,399.35 in favor of plaintiff.

When defendant failed to pay the award within the time prescribed in the stipulation between the parties, plaintiff filed a motion in the trial court for judgment in his favor in the amount of $2,399.35. In this motion, plaintiff also requested attorney's fees and costs pursuant to paragraph 11 of the arbitration agreement which provides:

"Enforcement of the Award shall be as prescribed by the Uniform Arbitration Act (Ill. Rev. Stat. Chapter 10, Sections 101 to 123). In the event that any party shall be required to apply to a court of competent jurisdiction for inforcement [*sic*] of the Award, then all court costs and reasonable attorney's fees incurred in said proceedings shall be included as an additional obligation."

Defendant filed a motion to vacate the arbitrators' award. The trial court denied defendant's motion and judgment was entered in favor of plaintiff in the amount of $2,399.55.

Once this judgment had been entered, plaintiff requested a ruling on his motion for attorney's fees. In support of this motion, plaintiff's attorney filed an affidavit detailing the time spent in enforcing the award. No costs were mentioned in the affidavit.

In the argument on the motion for attorney's fees, defendant's attorney contended that plaintiff had represented himself throughout the proceeding. In response, plaintiff's attorney stated, "Because Mr. Stein was able to present the petition to my satisfaction, and I didn't think it was necessary for me to say anything because everything resulted in a continuance; so, there was no need to argue any of the merits of the case." The trial court denied the motion for attorney's fees and costs.

Plaintiff argues that the trial court erred in refusing to grant him a hearing to determine attorney's fees and costs incurred in enforcing the award. A review of the record, however, does not reveal that the trial court refused to grant plaintiff such a hearing. In fact, the record fails to disclose that plaintiff ever specifically requested a hearing. The trial court had before it the affidavit submitted by plaintiff's attorney. If plaintiff wished to introduce evidence other than that presented in the affidavit, he should have informed the court and demonstrated what the evidence would show. In the absence of any such demonstration, we have no way of determining what the evidence would have been. Since plaintiff failed to request a hearing, he cannot now complain. Cf. *La Salle National Bank v. Brodsky* (1964), 51 Ill. App. 2d 260, 268, 201 N.E.2d 208, 212.

The arbitration agreement in the instant case stated that enforcement of the award was to be as prescribed by the Uniform Arbitration Act. Section 14 of the Act provides that "[c]osts of the application and of the proceedings subsequent thereto, and disbursements may be awarded by the court as to the court seems just." (Ill. Rev. Stat. 1977, ch. 10, par. 114.) Moreover, the question of attorney's fees is a matter peculiarly within the province of the trial court (*In re Estate of Saperstein* (1974), 24 Ill. App. 3d 763, 772, 321 N.E.2d 328, 335), and absent a manifest abuse of discretion, the trial court's decision will not be disturbed. *Aluminum Coil Anodizing Corp. v. First National Bank & Trust Co.* (1968), 64 Ill. App. 3d 256, 259, 381 N.E.2d 301, 303.

The trial court was in a better position to evaluate the attorney's fees and costs allegedly incurred in this proceeding. (See *Aluminum Coil*, 64 Ill. App. 3d 256, 259, 381 N.E.2d at 303.) The court considered the affidavit submitted by plaintiff's attorney, the arguments of counsel and the circumstances of the case. We find no abuse of discretion in the trial court's conclusion. Consequently, there are no costs or reasonable attorney's fees to be "included as an additional obligation" pursuant to paragraph 11 of the arbitration agreement.

Accordingly, the order of the trial court denying plaintiff's motion for attorney's fees is affirmed.

Affirmed.

McGILLICUDDY, P. J., and McNAMARA, J., concur.