ALBIN T. CERAJEWSKI *et al.*, Plaintiffs-Appellants, v. ALEXANDRA KUNKLE, Defendant-Appellee.

First District (3rd Division)    No. 1—96—1088

Opinion filed November 13, 1996.—Rehearing denied December 23, 1996.

Marshall Patner, of Marshall Patner & Associates, P.C., of Chicago, for appellants.

Kathleen H. Gorr, of Glen Ellyn, for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

Following the entry of an arbitration award, plaintiffs Albin T. Cerajewski, Madeline Cerajewski and Patricia Gilman appeal the trial court's orders that vacated the punitive damages awarded in arbitration and that denied attorney fees.

This appeal raises three issues: (1) whether punitive damages are allowable in an arbitration award; (2) if punitive damages are allowed, whether plaintiffs are entitled to accumulated interest on the punitive damage award; and (3) whether attorney fees should be awarded to plaintiffs for the action in the circuit court to confirm the arbitration award and for the appeal to this court.

We reverse the order that vacated the punitive damages award and remand the cause to reinstate such award and to allow the interest on such award. We affirm the denial of attorney fees requested by plaintiffs.

In August 1993, plaintiffs initiated an arbitration claim with the National Association of Securities Dealers (NASD) against defendant Alexandra Kunkle, a securities broker at Gruntal & Co. (Gruntal). Plaintiffs alleged that defendant engaged in unauthorized trading and recommendations and purchases of securities. On November 29,

1993, defendant signed a document entitled "Uniform Submission Agreement," and thereby agreed to submit the controversy "to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization [NASD]." In June and July of 1995, five sessions of the arbitration hearing were held. Prior to the commencement of the hearing, plaintiffs reached a settlement with Gruntal.

In August 1995, the arbitrators entered an award in favor of plaintiffs in the amounts of $18,680.44 as compensatory damages and the same amount ($18,680.44) as punitive damages. The award expressly stated:

> "In making this award of punitive damages, the undersigned arbitrators find that they have the authority to award punitive damages after considering the written submissions and arguments of the parties."

The arbitration award further held that each party must bear its own costs, expenses and attorney fees with the exclusion of specifically enumerated fees, such as forum fees and filing fees.

On October 2, 1995, plaintiffs filed a circuit court action for an order confirming the arbitration award, for judgment upon such order and for interest, fees and costs, pursuant to the Illinois Uniform Arbitration Act (Act) (710 ILCS 5/11 (West 1992)). On October 31, 1995, defendant filed a motion to vacate the arbitration award, alleging that the arbitration panel was not impartial under section 12(a)(2) of the Act (710 ILCS 5/12(a)(2) (West 1992)) and the arbitrators exceeded their powers in assessing punitive damages pursuant to section 12(a)(3) of the Act (710 ILCS 5/12(a)(3) (West 1992)).

Thereafter, the trial court entered two orders. First, on February 26, 1996, the trial court entered the following order:

> "1. Plaintiffs' motion to confirm award of non-punitive damages is confirmed.
>
> 2. Defendant's motion to vacate arbitration award of punitive damages is allowed and the punitive damage award is hereby vacated."

Second, on March 8, 1996, the trial court entered its "Final Judgment Order," which expressly stated as follows:

> "[I]n an Order entered on February 26, 1996, this Court vacated the arbitration award for punitive damages, pursuant to a finding that *Edward Electric Co. v. Automation, Inc.*, 229 Ill. App. 3d 89 (1st Dist. 1992) is dispositive and that *Mastrobuono v. Shearson, Lehman, Hutton, Inc.*, 514 U.S. 52, 131 L. Ed. 2d 76 (1995) is not dispositive, and confirmed the arbitration award for compensatory damages against Defendant Kunkle and in favor of the Plaintiffs.

And this court further finding that, pursuant to *Edward Electric*, all parties are to bear their own costs, plaintiffs' request, set out in their motion to confirm, for attorneys fees and costs, is hereby denied."

On March 14, 1996, plaintiffs filed a notice of appeal of both trial court orders, *i.e.*, the orders entered on February 26, 1996, and March 8, 1996. In their notice of appeal, plaintiffs sought reversal of both orders and a remand to the trial court with instructions to enter judgment for punitive damages and for costs, including attorney fees and interest.

On appeal, plaintiffs first assert that the imposition of punitive damages by the arbitrators was proper because defendant consented to the possibility of punitive damages through the execution of the NASD uniform submission agreement. We agree.

■ A court's review of an arbitration award is extremely limited. *Perkins Restaurants Operating Co. v. Van Den Bergh Foods Co.*, 276 Ill. App. 3d 305, 308 (1995). Whenever possible, courts must construe an arbitration award to uphold its validity. *Perkins Restaurants*, 276 Ill. App. 3d at 309 (and cases cited therein). Absent an expressed intention to the contrary, arbitrators chosen to decide cases according to the law are "to be their own judges as to what the law was, otherwise the parties would have provided that the case should be subject to review by the courts or that the legal questions should be referred to some other tribunal for final determination." *Perkins Restaurants*, 276 Ill. App. 3d at 309.

■ This court extensively discussed the issue of whether arbitrators exceeded their authority by awarding punitive damages in *Edward Electric Co. v. Automation, Inc.*, 229 Ill. App. 3d 89, 103-05 (1992). There were three views expressed in the case law from the jurisdictions that had considered the issue. First, some courts espoused the view that arbitrators were empowered to award punitive damages unless the arbitration agreement stated otherwise. A second view provided that only the state, not arbitrators, had the power to award punitive damages, regardless of the parties' agreement. The third category of cases held that an arbitrator could award punitive damages only if an express provision authorizing such relief appeared in the arbitration agreement or the parties agreed to such relief in a stipulated submission. This court then adopted the third approach and held that "punitive damages may be awarded in arbitration, but only where the parties have expressly agreed to the arbitrators' authority to award punitive damages." *Edward Electric Co. v. Automation, Inc.*, 229 Ill. App. 3d 89, 105 (1992).

■ In the present case, the parties agreed to submit their dispute

to arbitration in accordance with the NASD rules. Defendant signed a uniform submission agreement that included two relevant provisions. First, the submission agreement provided that the undersigned party submits the matter in controversy "to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization." The agreement clearly and indisputably identified the sponsoring organization as NASD. Second, the agreement stated that the "undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration." Accordingly, by executing this uniform submission agreement, defendant expressly agreed to abide by the NASD rules and further declared that she had read the NASD rules.

This court recently held that "[t]he NASD rules clearly allow for the award of punitive damages." *Roubik v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 285 Ill. App. 3d 217, 220 (1996). In *Roubik*, this court discussed and relied on *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 131 L. Ed. 2d 76, 115 S. Ct. 1212 (1995), in which the United States Supreme Court held that an arbitration award of punitive damages to a client of a securities dealer was within the scope of the dealer-client agreement. The client in *Mastrobuono* had executed a standard-form client agreement with the securities dealer upon the opening of the securities trading account. *Mastrobuono*, 514 U.S. at 54, 131 L. Ed. 2d at 82, 115 S. Ct. at 1214-15.

In *Mastrobuono*, the Supreme Court addressed the same NASD rule at issue in the present case, *i.e.*, paragraph 3741(e) of the NASD's Code of Arbitration Procedure, providing that an award "shall contain *** damages and other relief." NASD Code of Arbitration Procedure par. 3741(e) (1993) (now codified as Rule 10330(e) (1996)). The Supreme Court found that "[w]hile not a clear authorization of punitive damages, this provision appears broad enough at least to contemplate such a remedy." *Mastrobuono*, 514 U.S. at 61, 131 L. Ed. 2d at 86, 115 S. Ct. at 1218. The Supreme Court further observed that the NASD arbitrators' manual expressly provides that "[p]arties to arbitration are informed that arbitrators can consider punitive damages as a remedy." *Mastrobuono*, 514 U.S. at 61, 131 L. Ed. 2d at 86, 115 S. Ct. at 1218. From paragraph 3741(e) and the provision in the arbitration manual, the Supreme Court concluded that claims for punitive damages were not foreclosed. *Mastrobuono*, 514 U.S. at 61-62, 131 L. Ed. 2d at 86-87, 115 S. Ct. at 1218.

We find that the award of punitive damages in the present case was within the realm of the arbitrators' authority and that such

award conforms with the holdings of *Edward Electric* (punitive damages are allowed where the parties have expressly agreed to the arbitrator's authority to do so); *Roubik* (the NASD rules clearly allow for the award of punitive damages); and *Mastrobuono* (the punitive damages award entered by a NASD arbitration panel was enforceable). We recognize that the arbitration proceedings in *Roubik* and *Mastrobuono* were based on dealer-client agreements executed at the time the securities accounts were opened, *i.e.*, before any dispute existed. In the instant case, however, the parties agreed to arbitrate under NASD rules after the controversy occurred. We believe that the post-controversy agreement to arbitrate presents a stronger case to support the award of punitive damages because the parties were clearly aware that a dispute had to be resolved when defendant executed the uniform submission agreement. Defendant's position, as stated in her brief, that "she merely signed an NASD submission form," should not nullify her compliance to submit to arbitration in accordance with the NASD rules as stated on the submission form. Moreover, defendant's alleged ignorance of the rules to the arbitration to which she voluntarily submitted should not affect the enforcement of the rules. Accordingly, we reverse the trial court's order that vacated the arbitral award of punitive damages.

In conjunction with our reinstatement of the punitive damages award, we also find that plaintiffs are entitled to judgment interest as authorized by statute under section 2—1303 of the Illinois Code of Civil Procedure (735 ILCS 2—1303 (West 1992)). *Edward Electric*, 229 Ill. App. 3d at 106 (statutory interest is properly allowed on arbitration awards); see also *Department of Public Aid ex rel. McGinnis v. McGinnis*, 268 Ill. App. 3d 123, 132 (1994) (language of section 2—1303 is mandatory); *Contract Development Corp. v. Beck*, 255 Ill. App. 3d 660, 672 (1994) (noting split in authority and allowing the award of interest).

Finally, plaintiffs assert that fees should be assessed in their favor for the confirmation of the compensatory damages award in the circuit court and for this appeal.

■ Section 14 of the Uniform Arbitration Act provides:

"Upon the granting of an order confirming, modifying or correcting an award, judgment shall be entered in conformity therewith and be enforced as any other judgment. Costs of the application and of the proceedings subsequent thereto, and disbursements may be awarded by the court as to the court seems just." 710 ILCS 5/14 (West 1992).

■ Applying section 14, this court held that "the question of attorney's fees is a matter peculiarly within the province of the trial

court [citation], and absent a manifest abuse of discretion, the trial court's decision will not be disturbed." *Stein v. Feldmann*, 85 Ill. App. 3d 973, 974 (1980) (refusal to award attorney fees and costs incurred by attorney in enforcing arbitration was not an abuse of discretion).

We find that the denial of attorney fees does not constitute an abuse of discretion and, in fact, plaintiffs make no argument to the contrary. It is particularly proper that each party bear his or her own costs and fees where, as in the present case, the trial court affirmed part of the arbitration award and vacated another part.

For all the foregoing reasons, we reverse the order that vacated the award of punitive damages and remand the matter to the circuit court to reinstate the punitive damages award ($18,680.44) and to compute and grant interest on the award. In addition, we affirm the denial of attorney fees.

Affirmed in part; reversed in part and remanded.

CERDA and GALLAGHER, JJ., concur.