INTERNATIONAL FEDERATION OF PROFESSIONAL AND TECHNICAL ENGINEERS, Local 153, Petitioner-Appellee and Cross-Appellant, v. THE CHICAGO PARK DISTRICT, Respondent-Appellant and Cross-Appellee.

First District (1st Division)    No. 1—03—3372

Opinion filed June 14, 2004.

J. Stuart Garbutt, of Meckler, Bulger & Tilson, and Sean F. Taylor, of Chicago Park District, both of Chicago, for appellant.

David Huffman-Gottschling and Sherrie E. Voyles, both of Jacobs, Burns, Orlove, Stanton & Hernandez, of Chicago, for appellee.

JUSTICE McBRIDE delivered the opinion of the court:
This dispute arises from an action brought by petitioner-appellee/

cross-appellant, International Federation of Professional and Technical Engineers, Local 153 (Union), to confirm an arbitration award entered in its favor against respondent-appellant/cross-appellee, Chicago Park District (Park District). The arbitration award was the result of a grievance filed pursuant to a collective bargaining agreement between the Union and the Park District. The grievant was a Union member who was employed by the Park District and was demoted from his position. The Union brought the petition to confirm the arbitration award on the ground that the Park District had refused to comply with it. In response, the Park District filed a motion to dismiss on the basis that the petition was moot because, at the time of the filing of the motion to dismiss, the Park District had fully complied with the arbitration award. The trial court denied the Park District's motion to dismiss.

The Union then filed a motion for summary judgment on the basis that no question of fact existed that the Park District failed to fully comply with the arbitration award. In the same motion, the Union also moved for attorney fees and costs under section 14 of the Uniform Arbitration Act (Arbitration Act) (710 ILCS 5/14 (West 2000)). The Park District filed a cross-motion for summary judgment on the ground that there was no genuine issue of fact that it fully complied with the arbitration award.

The trial court granted the Union's motion for summary judgment, denied the Park District's cross-motion for summary judgment, and allowed the Union to file a petition for attorney fees and costs. The Union then filed a petition for attorney fees and costs which was denied by the trial court on the basis that no specific statutory authorization for attorney fees was provided in section 14 of the Arbitration Act. The Park District appeals the order denying its cross-motion for summary judgment and granting the Union's motion for summary judgment. The Union cross-appeals the trial court's order denying its petition for attorney fees.

The parties agree that the Park District's appeal is now moot because the grievant voluntarily retired from the Park District while the appeal was pending. When an intervening event occurs rendering it impossible for a reviewing court to grant the relief to any party, the case becomes moot because a ruling on the issue cannot have any practical effect on the controversy. *In re Tekela*, 202 Ill. 2d 282, 292-93, 780 N.E.2d 304 (2002); *LaSalle National Bank v. City of Chicago*, 3 Ill. 2d 375, 378-79, 121 N.E.2d 486 (1954). Thus, the only issue we need address is the question raised in the Union's cross-appeal: whether the trial court properly denied the Union's petition for attorney fees under section 14 of the Arbitration Act. The following background facts are relevant.

Emil Mitchell, a member of the Union, was employed by the Park District and was demoted from his position as a "Park Operations Supervisor." The Union filed a grievance on Mitchell's behalf pursuant to the collective bargaining agreement between the Union and the Park District, and after several hearings, an award was entered by the arbitrator in favor of the Union. Specifically, the award stated: "Mitchell is to be offered reinstatement to his position as Park Operations Supervisor of Landscape Management in the Southeast Region and is to [be] made whole for any loss of benefits and compensation."

When the Park District did not comply with the award, the Union filed a petition to confirm the arbitration award on May 21, 2002. As of the date the petition was filed, the Park District had not offered Mitchell reinstatement to his position as Park Operations Supervisor and had not made him whole for lost wages since the date of his demotion. The Park District responded by filing a motion to dismiss under section 2—619 of the Illinois Code of Civil Procedure (735 ILCS 5/2—619 (West 2000)) on the ground that the Union's petition was moot because the Park District had complied with the arbitration order. Specifically, the Park District's motion to dismiss indicated that Mitchell had been reinstated, was being paid at the wage rate commensurate with the job title "Park Operations Supervisor," and had received back wages equal to the difference of what he would have received as a Park Operations Supervisor and what he actually earned during the period he was demoted to a "Maintenance Foreman." The Park District claimed that the location of Mitchell's assignment "was of no moment" under the arbitrator's award or the parties' collective bargaining agreement, and it noted that the Union admitted that the Park District was given latitude to transfer Park Operations Supervisors between regions of the district. On December 5, 2002, the trial court denied the Park District's motion to dismiss "for reasons stated in open court."

On May 7, 2003, the Union filed a motion for summary judgment on the ground that no question of fact existed that the Park District failed to comply with the arbitration award because Mitchell was not reinstated to the southeast region. Instead, he was placed in the north region, a different region with lesser responsibility. As we noted above, the Union, as part of its summary judgment motion, also sought attorney fees and costs pursuant to section 14 of the Arbitration Act.

On June 16, 2003, the Park District filed a cross-motion for summary judgment arguing that no question of fact existed that it had complied with the arbitration award by reinstating Mitchell and by giving him back wages. The Park District argued that the arbitration award only required "that Mitchell be offered reinstatement to the

position of Park Operations Supervisor." In its motion, the Park District further noted that Mitchell had been reinstated, made whole for all lost wages and benefits, and had even been transferred back to the southeast region. The record reveals that for a short time period after his reinstatement, Mitchell was transferred to the southeast region and then transferred back to the north region.

On July 17, 2003, the trial court entered an order granting the Union's motion for summary judgment and denying the Park District's cross-motion for summary judgment. It also confirmed the arbitration award and allowed the Union to file a petition for attorney fees and costs. On August 18, 2003, the Union filed its petition for attorney fees and costs. In an order dated October 29, 2003, the trial court denied the Union's request for attorney fees of $14,492 and legal research fees of $820 on the ground that section 14 of the Arbitration Act did not specifically authorize the award of attorney fees. Despite its ruling, the trial court awarded the Union's request for certain costs identified as "related nontaxable expenses" in the amount of $259.40.

The Park District appeals the denial of its cross-motion for summary judgment and the grant of the summary judgment motion in favor of the Union. As we noted above, the issues of whether the Park District's cross-motion for summary judgment was properly denied and whether the Union's motion for summary judgment was properly granted are now moot because Mitchell voluntarily retired from the Park District. We address the remaining issue raised on the Union's cross-appeal: whether the trial court properly denied the Union's petition for attorney fees and costs on the ground that no statutory authorization for attorney fees existed under section 14 of the Arbitration Act. The interpretation of a statute is a question of law that we review *de novo*. *Krohe v. City of Bloomington*, 204 Ill. 2d 392, 395, 789 N.E.2d 1211 (2003).

Section 14 of the Arbitration Act states the following:

> "Upon the granting of an order confirming, modifying or correcting an award, judgment shall be entered in conformity therewith and be enforced as any other judgment. Costs of the application and of the proceedings subsequent thereto, and disbursements may be awarded by the court as to the court seems just." 710 ILCS 5/14 (West 2000).

Because there was no underlying contract between the parties authorizing the recovery of attorney fees, the Union relies entirely upon section 14 of the Arbitration Act in support of its argument that its petition for attorney fees should have been granted.

The Union concedes that the word "costs" does not encompass attorney fees. See *State Farm Fire & Casualty Co. v. Miller Electric Co.*,

231 Ill. App. 3d 355, 359, 596 N.E.2d 169 (1992), quoting *Meyer v. Marshall*, 62 Ill. 2d 435, 441-42, 343 N.E.2d 479 (1976). Nevertheless, the Union contends that the word "disbursements" in section 14 should be interpreted to include attorney fees and that, therefore, the trial court had the authority to award attorney fees under the Arbitration Act and should have granted its petition. We note that a "disbursement" is defined as the "act of paying out money, commonly from a fund or in settlement of a debt or account payable." Black's Law Dictionary 475 (7th ed. 1999). Neither the language in section 14 nor the definition of a disbursement expressly refers to attorney fees. Thus, we are charged with determining whether a disbursement, within the meaning of section 14 of the Arbitration Act, would include an award of attorney fees.

The Park District claims that we must follow a well-recognized principle in Illinois, the "American Rule," which "disallows attorney fees for the successful litigant in the absence of a statute or agreement." *Saskill v. 4-B Acceptance*, 139 Ill. App. 3d 143, 144, 487 N.E.2d 97 (1985); *House of Vision v. Hiyane*, 42 Ill. 2d 45, 51-52, 245 N.E.2d 468 (1969). The American Rule has further been interpreted to mean that "attorney fees and other costs of litigation are ordinarily not recoverable by the prevailing party unless *specifically authorized by statute* or contract." (Emphasis added.) *Qazi v. Ismail*, 50 Ill. App. 3d 271, 272, 364 N.E.2d 595 (1977); *City of Chicago v. Fair Employment Practices Comm'n*, 65 Ill. 2d 108, 114, 357 N.E.2d 1154 (1976); *Ritter v. Ritter*, 381 Ill. 549, 553, 46 N.E.2d 41 (1943); *City of Chicago v. Illinois Fair Employment Practices Comm'n*, 34 Ill. App. 3d 114, 117, 339 N.E.2d 260 (1975), *aff'd*, 65 Ill. 2d 108, 357 N.E.2d 1154 (1976); *Waller v. Board of Education*, 28 Ill. App. 3d 328, 333, 328 N.E.2d 604 (1975). Relying upon the American Rule, the Park District claims that, because section 14 of the Arbitration Act does not specifically authorize attorney fees, the Union is prohibited from recovering them.

Our research reveals no Illinois decision that has interpreted whether a "disbursement" under section 14 of the Arbitration Act includes attorney fees. Only two Illinois decisions have even mentioned attorney fees under section 14 of the Arbitration Act and neither decision interpreted whether the term "disbursements" included attorney fees. *Cerajewski v. Kunkel*, 285 Ill. App. 3d 222, 227-28, 674 N.E.2d 57 (1996); *Stein v. Feldmann*, 85 Ill. App. 3d 973, 974, 407 N.E.2d 768 (1980). Instead, the courts in *Cerajewski* and *Stein* both found that the question of attorney fees is within the province of the trial court and that a trial court's decision will not be disturbed absent an abuse of discretion. *Cerajewski*, 285 Ill. App. 3d at 227-28; *Stein*, 85 Ill. App. 3d at 974. In both cases, the appellate court affirmed the trial court's

denial of attorney fees. *Cerajewski*, 285 Ill. App. 3d at 228; *Stein*, 85 Ill. App. 3d at 975.

The Union contends that we must look to other jurisdictions' interpretation of "disbursements" under section 14 of the Arbitration Act. It also claims that as an interpretive matter, Illinois has a policy of showing "greater than usual" deference to the opinions of courts from other jurisdictions involving the Arbitration Act because the Act is to be construed to create uniformity in the law of the states that have enacted it. *Garver v. Ferguson*, 76 Ill. 2d 1, 8, 389 N.E.2d 1181 (1979); *Bass v. SMG, Inc.*, 328 Ill. App. 3d 492, 497, 765 N.E.2d 1079 (2002); *J&K Cement Construction, Inc. v. Montalbano Builders, Inc.*, 119 Ill. App. 3d 663, 668, 456 N.E.2d 889 (1983).

The Union argues that Illinois is one of 35 states that have adopted the Arbitration Act. *Chicago Southshore & South Bend R.R. v. Northern Indiana Commuter Transportation District*, 184 Ill. 2d 151, 155, 703 N.E.2d 7 (1998). It further contends that a majority of states that have construed section 14 of the Arbitration Act have found "disbursements," in the context of proceedings to confirm an arbitration award, to include attorney fees. *Blitz v. Beth Isaac Adas Israel Congregation*, 352 Md. 31, 44, 720 A.2d 912, 918-19 (1998); *Driver v. SI Corp.*, 139 Idaho 423, 80 P.3d 1024, 1031 (2003); *Buzas Baseball, Inc. v. Salt Lake Trappers, Inc.*, 925 P.2d 941, 953 (Utah 1996); *Canon School District No. 50 v. W.E.S. Construction Co.*, 180 Ariz. 148, 154, 882 P.2d 1274, 1280 (1994); *County of Clark v. Blanchard Construction Co.*, 98 Nev. 488, 492, 653 P.2d 1217, 1220 (1982); *Wachtel v. Shoney's, Inc.*, 830 S.W.2d 905, 909-10 (Tenn. 1992); *Anchorage Medical & Surgical Clinic v. James*, 555 P.2d 1320, 1324 (Alaska 1976), *overruled on other grounds by Ahtna, Inc. v. EBASCO Constructors, Inc.*, 894 P.2d 657, 662 (Alaska 1995). In *Canon*, the Supreme Court of Arizona indicated that this interpretation of section 14 promotes the public policy of encouraging early payment of valid arbitration awards and the discouragement of nonmeritorious, protracted confirmation challenges. *Canon*, 180 Ariz. at 153, 882 P.2d at 1279.

Despite the public policy described in *Canon* and the authority from other jurisdictions that have interpreted section 14 of the Arbitration Act to include attorney fees, the well-established precedent in Illinois noted above does not permit the recovery of attorney fees by the prevailing party unless specifically authorized by statute. *Qazi*, 50 Ill. App. 3d at 272. Further, as a general rule, "[s]tatutes which provide for the award of attorney's fees to a successful litigant do so only in specific language." *Qazi*, 50 Ill. App. 3d at 273. In *Waller*, cited above, the court stated:

"The legislature has in the past *specifically* provided for at-

torneys' fees where it wished to, and the courts have refused to interpret imprecise language as permitting attorneys' fees.

\* \* \*

The legislature has determined when attorney's fees should be awarded. It has been done by specific language such as listing 'attorney's fees' to overcome the common law rule. Where they have not used such specific language, the courts have consistently refused to give an expanded reading to the legislative language used." *Waller*, 28 Ill. App. 3d at 331.

While the above-referenced public policy and the goal of uniformity in states' enactments of the Arbitration Act are important factors to be considered, we do not find that they override the long-standing precedent in Illinois which requires that attorney fees be specifically authorized by statute or contract. It is clear that section 14 of the Arbitration Act does not specifically authorize the recovery of attorney fees by the prevailing party. As no specific authorization allowing attorney fees exists in section 14, we are without authority to interpret the word "disbursements" to include them.

We further note that the State of Montana, which also requires specific statutory or contractual authorization for the recovery of attorney fees, rejected the interpretation of the "costs and disbursements" language in its codification of section 14 to include attorney fees. *Terra West Townhomes, L.L.C. v. Stu Henkel Realty*, 298 Mont. 344, 355, 996 P.2d 866, 873 (2000). The Supreme Court of Montana reasoned that the language of the statute simply did not provide a basis for an award of attorney fees and it would not read the words "costs" or "disbursements" to include them. *Terra West Townhomes*, 298 Mont. at 355, 996 P.2d at 873.

In addition, the Supreme Judicial Court of Massachusetts, mindful of provisions in the Arbitration Act, held that attorney fees associated with obtaining and confirming an arbitration award are not recoverable. *Floors, Inc. v. B.G. Danis of New England, Inc.*, 380 Mass. 91, 100, 401 N.E.2d 839, 845 (1980). Specifically, the court stated that, in the absence of a special agreement, "legal fees arising out of arbitration have never been awarded in the past, and we shall not depart from this practice in the absence of a legislative determination to do so." *Floors*, 380 Mass. at 101, 401 N.E.2d at 845. Thus, at least two other jurisdictions have determined that attorney fees are not permitted under the Arbitration Act absent express statutory or contractual language to the contrary.

We further find that the trial court in the instant case was correct in rejecting the $820 in legal research fees sought by the Union. It has been held that "computer-assisted legal research expenses are a form

of attorney fees and are not separately recoverable as a cost or expense pursuant to the parties' contingent fee arrangement." *Guerrant v. Roth*, 334 Ill. App. 3d 259, 269, 777 N.E.2d 499 (2002). Thus, the trial court was correct in denying these fees.

Given our holding above, we need not address the remaining arguments raised by the parties. The trial court's order of October 29, 2003, is affirmed.

Affirmed.

O'MALLEY, P.J., and GORDON, J., concur.