NOTICE

Decision filed 05/23/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200259-U

NO. 5-20-0259

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| AUSTIN KNOOB d/b/a Saluki Bar and Billiards, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 20-CH-15 |
| | ) | |
| THE CITY OF CARBONDALE; MIKE HENRY, as | ) | |
| Mayor and Chairman of Carbondale Liquor Control | ) | |
| Commission; and JAMIE SNYDER, as City Attorney | ) | |
| for the City of Carbondale, | ) | Honorable |
| | ) | Ella L. York, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's dismissal of plaintiff's complaint with prejudice is affirmed where the underlying causes of action are moot, and any damages are speculative.

¶ 2    Plaintiff, Austin Knoob d/b/a Saluki Bar and Billiards, filed a complaint for declaratory and injunctive relief against defendants: the City of Carbondale; Mike Henry, as the mayor of Carbondale and the chairman of the Carbondale Liquor Control Commission; and Jamie Snyder, as the city attorney for the City of Carbondale. Defendants filed a motion to dismiss plaintiff's complaint, and plaintiff filed an objection to defendants' motion. Following a hearing, the Jackson County circuit court dismissed plaintiff's complaint with prejudice. Plaintiff filed a motion to

1

reconsider, which the court denied. Plaintiff appeals, arguing that the court erred by dismissing his complaint with prejudice. We affirm.

¶ 3                                    I. Background

¶ 4     On March 20, 2020, the governor issued an executive order in response to the Covid-19 pandemic, which required, *inter alia*, a state-wide shut down of all taverns, bars, and liquor establishments. At that time, plaintiff owned and operated a business known as Saluki Bar in Carbondale, Illinois. In addition to holding a state liquor license, plaintiff held a Class B-2 liquor license issued by the City of Carbondale (city), which permitted the sale and consumption of alcohol on the premises of Saluki Bar. Plaintiff also held, as part of the B-2 liquor license, a "beer garden" license, which permitted the sale and consumption of alcohol in an approved outdoor area of Saluki Bar. Plaintiff complied with the governor's executive order and closed Saluki Bar.

¶ 5     On April 6, 2020, the Carbondale City Council (city council) adopted Ordinance No. 2020-12, which declared a civil emergency within the city due to the Covid-19 pandemic and granted emergency powers to Mayor Mike Henry. Unless extended by the city council, the ordinance expired on June 5, 2020.

¶ 6     On May 28, 2020, Mayor Henry issued Executive Order 2020-03, which allowed restaurants and bars to apply for either a "sidewalk café" license or a Class L license to utilize certain public and private spaces for outdoor service. The order limited the operating hours of sidewalk café licensees from 7 a.m. to 10 p.m. and limited the operating hours for Class L licensees from 8 a.m. to 10 p.m. Unless otherwise extended, repealed, or modified by the city council, the order expired on December 31, 2020.

¶ 7     On May 29, 2020, plaintiff reopened Saluki Bar without applying for one of the licenses referenced in Executive Order 2020-03. Plaintiff resumed the normal operating hours of Saluki

2

Bar, which included a closing time of 1:59 a.m. Police arrived at Saluki Bar shortly after 10 p.m. and advised management of the closure requirement. Management denied knowledge of an order requiring early closure for businesses with B-2 liquor licenses and presented a copy of plaintiff's B-2 liquor license to police. Police left Saluki Bar shortly thereafter. From May 30, 2020, to June 1, 2020, police returned to Saluki Bar after 10 p.m. and advised management of the closure requirement but left when plaintiff refused to close.

¶ 8  On June 2, 2020, Mayor Henry issued Executive Order 2020-04, which changed the operating hours of all existing beer gardens from 1:59 a.m. to 10 p.m. When plaintiff did not close Saluki Bar by 10 p.m. following the issuance of Executive Order 2020-04, police arrived and advised management of the closure requirement. Plaintiff, again, refused to close, and police left Saluki Bar. The same interaction with police occurred at Saluki Bar from June 3, 2020, to June 5, 2020.

¶ 9  On June 4, 2020, Mayor Henry, in his capacity as chairperson of the Carbondale Liquor Control Commission, issued a summary suspension order, which closed Saluki Bar from 5 p.m. on Thursday, June 4, 2020, to 5 p.m. on Tuesday, June 9, 2020, pursuant to the Carbondale Revised Code (CRC). The order listed various reasons in support of the summary suspension, none of which related to plaintiff's failure to close Saluki Bar by 10 p.m. The order advised that the Carbondale Liquor Control Commission would "hold a hearing on the evidence of this order within seven days of this summary suspension." Also on June 4, 2020, City Attorney Snyder notified plaintiff's attorney of the summary suspension order pertaining to plaintiff's business via email.

¶ 10  On June 6, 2020, City Attorney Snyder and two police officers presented to Saluki Bar to discuss the summary suspension order, but plaintiff was unavailable. Snyder and police left Saluki Bar after speaking with plaintiff's father.

¶ 11 On June 8, 2020, plaintiff filed a "Complaint for Injunctive Relief and Declaratory Action" against defendants. Plaintiff's complaint included numerous factual allegations pertaining to the circumstances leading to the filing of his complaint, as outlined above. The factual allegations were set forth under the following subheadings: "Background," "Covid-19 Crisis," "The Reopening," and "The Aftermath." Under the subheading titled "The Reopening," plaintiff alleged that he "refused to close" Saluki Bar after receiving notice of Mayor Henry's Executive Order 2020-04 because he believed the order was invalid and unenforceable for a number of reasons. Under the subheading titled "The Aftermath," plaintiff alleged that Mayor Henry and City Attorney Snyder "abused their power to completely shut [Saluki Bar] down" after he refused police requests to close Saluki Bar by 10 p.m. Plaintiff also alleged that he had a vested interest in running his business, and that City Attorney Snyder and Mayor Henry "abused their legal authority in order to harass [p]laintiff and his [business] in a fashion that threatens his livelihood and those of his employees." Plaintiff further alleged that the enforcement of Executive Order 2020-04 and the "continuation of illegal harassment by Henry and Snyder" would cause him irreparable harm, for which he had no adequate remedy at law. Plaintiff concluded his complaint with the following prayer for relief:

"Wherefore, plaintiff prays this Court for:

A. A temporary restraining order enjoining Henry from enforcing 2020-04,

B. A temporary restraining order enjoining Snyder from entering Plaintiff's property,

C. An order declaring 2020-04 to be invalid,

D. An order setting this case for hearing on preliminary injunction,

E. A final hearing on the merits,

F. Actual damages against defendants,

G.  Reasonable attorney fees[,]

H.  Any other relief this Court deems just and appropriate."

Plaintiff attached various exhibits to his complaint, including, *inter alia*, copies of Mayor Henry's executive orders (No. 2020-03 and No. 2020-04) and a copy of the summary suspension order. The circuit court set the matter for a conference call hearing on June 15, 2020.

¶ 12    On June 9, 2020, the city council passed Ordinance No. 2020-18, which adopted Mayor Henry's Executive Order 2020-04 with an amendment to the hours of operation. The city council's amendment extended the hours of operation of all liquor license holders to 1:59 a.m.

¶ 13    On June 12, 2020, defendants' attorney filed an entry of appearance and a "Motion for Dismissal." The motion alleged that the city council's amendment to the hours of operation in Ordinance No. 2020-18 rendered plaintiff's requests for injunctive relief moot, given that Saluki Bar normally closed at 1:59 a.m. In response to plaintiff's assertion that City Attorney Snyder exceeded his authority, the motion alleged that City Attorney Snyder provided guidance and advice to all city bodies, including the police department, concerning all legal matters, including liquor and ordinance violations. The motion further alleged that plaintiff "ha[d] no grounds to request or to bar Defendant Snyder from any of its premises." Thus, defendants requested that the circuit court dismiss plaintiff's complaint with prejudice. Defendants attached a copy of Ordinance No. 2020-18 as an exhibit to the motion but did not specify whether the motion was filed pursuant to section 2-615 or section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2020)).

¶ 14    On June 15, 2020, prior to the scheduled conference call, plaintiff filed a written objection to defendants' motion. In the objection, plaintiff agreed that the city council's passage of Ordinance 2020-18 rendered "the portion of the suit directed at said Executive Order and Mayor

Henry *** moot as far as the injunctive relief [was] concerned." Plaintiff asserted, however, that his suit requested actual damages against the city "caused by compliance with the Order prior to suit being filed" and, thus, a ruling on the validity of the order was still necessary. Plaintiff also asserted that "the future mootness of the Order should not be a basis for dismissing the other claims." Plaintiff further claimed that "the validity of the Order [was] still relevant as the city council simply modified the Order prospectively." Plaintiff asserted that "[w]ithout a retroactive modification (or ruling on validity)," defendants remained "in a position to charge plaintiff for failure to comply with the order between the time it was issued and the time the city council modified it." Regarding the portion of the suit directed at City Attorney Snyder, plaintiff disagreed with defendants' assertion that City Attorney Snyder possessed authority to advise police on all legal matters. Plaintiff attached various provisions of the CRC as exhibits to the written objection in support of his assertion that City Attorney Snyder lacked authority to advise police. Plaintiff additionally noted that defendants failed to state whether the motion to dismiss was filed pursuant to section 2-615 or section 2-619. Plaintiff presumed the motion was filed pursuant to section 2-619 but noted that defendants did not attach an affidavit to the motion.

¶ 15    Later that day, both parties appeared before the circuit court for the scheduled conference call hearing. The record on appeal does not contain a transcript from the hearing. In a docket entry from June 15, 2020, the court noted that "the issue of closing time ha[d] been resolved" and that issuance of temporary restraining orders (TROs) were "no longer necessary." The court also noted that there were "[r]emaining issues regarding whether new ordinance 2020-18 [was] retroactive and whether Defendant Snyder [was] allowed on the property."

¶ 16    On June 17, 2020, the circuit court granted defendants' motion and entered a written order dismissing plaintiff's complaint with prejudice. The court did not include any findings in support

6

of the dismissal, nor did it specify whether it dismissed the complaint pursuant to section 2-615 or section 2-619.

¶ 17    On July 17, 2020, plaintiff filed a motion to reconsider and vacate. Plaintiff alleged that the declaratory judgment portion of his complaint requested a ruling on the validity of Mayor Henry's Executive Order 2020-04 and "damages for the days [plaintiff's business] was shut down because of that order (see prayer for relief, numbers C and F)." According to plaintiff, the passage of Ordinance No. 2020-18 did not resolve the issue of prior damages. Plaintiff asserted that there was no basis for the circuit court's dismissal of "the part of the case for prior damages" because defendants' motion "focused solely on the mootness of the claim for injunctive relief as it pertained to future damages" without addressing the validity of Executive Order 2020-04. Plaintiff additionally asserted that the court "dismissed the case with prejudice as though the Motion for Dismissal was a 619 motion even though the Motion did not state whether it was a 615 or 619 motion." Plaintiff claimed that defendants' motion included no affidavit or citation to legal authority in support of its position that the city attorney possesses legal authority to advise police, so as to defeat plaintiff's request for injunctive relief against City Attorney Snyder. Thus, plaintiff argued that "there was no factual or legal basis to dismiss the claim against the City for declaratory action regarding 2020-04, the claim for prior damages or the claim against [City Attorney] Snyder."

¶ 18    On July 24, 2020, defendants filed a response to plaintiff's motion to reconsider and vacate. Defendants asserted that section 2-619 of the Code allowed for dismissal based on certain defects or defenses and required no supporting affidavit if the grounds for the attack appeared on the face of the pleading attacked. Defendants next asserted that plaintiff's complaint, on its face, merely listed grievances against the city without alleging "a specific tort or other claim" that the city

committed against him. Defendants argued that due to plaintiff's "failure to state a claim, no damages [could] be asked for nor given, and the court's decision to dismiss with prejudice was proper." Regarding the claim pertaining to City Attorney Snyder, defendants quoted various provisions of the CRC showing that the city attorney was required to advise the city council, the city manager, and other city officers, including city police. Thus, defendants requested that the circuit court uphold its dismissal of plaintiff's complaint with prejudice.

¶ 19     On August 3, 2020, the circuit court entered an order denying plaintiff's motion to reconsider and vacate and upholding its prior dismissal of plaintiff's complaint with prejudice. The circuit clerk filed the court's order on August 6, 2020. This appeal followed.

¶ 20                                    II. Analysis

¶ 21     The sole issue raised by plaintiff on appeal is whether the circuit court erred by dismissing his "entire case" with prejudice. We find it necessary to begin our analysis by commenting on various matters that have complicated our review of this issue.

¶ 22     We first note that plaintiff failed to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which sets forth the requirements for appellate briefs. Specifically, he failed to comply with Rule 341(h)(7), which requires the appellant to cite legal authority in support of his or her arguments on appeal. Ill. S. Ct. Rule 341(h)(7) (eff. Oct. 1, 2020). Here, the argument set forth in plaintiff's brief and reply brief contains only two citations of legal authority, one of which is addressed to this court's standard of review and the other is addressed to the standard under which courts consider motions to dismiss. In addition, the argument section of plaintiff's brief is comprised of four subheadings relating to "The Complaint," "The Motion," "The Hearing," and the "Motion to Reconsider and Vacate." Under each subheading, plaintiff includes detailed factual recitations mixed with various arguments pertaining to the subject of each subheading, making it

8

difficult for this court to decipher his precise arguments on appeal. Plaintiff's efforts were insufficient to satisfy the requirements of Rule 341(h)(7). See *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991) (a reviewing court is entitled to have the issues clearly defined with cohesive arguments presented and "is not simply a depository into which the appealing party may dump the burden of argument and research"); see also *Vancura v. Katris*, 238 Ill. 2d 352, 369-70 (2010) (the failure to cite relevant legal authority may result in forfeiture of an issue on appeal). While we decline to apply the doctrine of forfeiture in the instant case, we advise counsel to comply with the briefing requirements in future submissions to this court. See *People v. Curry*, 2018 IL App (1st) 152616, ¶ 36 (noting that "forfeiture is a limitation on the parties, not the court, and we may exercise our discretion to review an otherwise forfeited issue").

¶ 23    We next note that plaintiff's complaint did not comply with section 2-603(a) of the Code (735 ILCS 5/2-603(a) (West 2020)), which requires that all pleadings contain "a plain and concise statement of the pleader's cause of action" and that each cause of action seeking separate recovery be stated in a separate count or counterclaim. Here, plaintiff's complaint, similar to his appellate brief to this court, included four subheadings, titled "Background," "Covid-19 Crisis," "The Reopening," and "The Aftermath." Under each subheading, plaintiff included detailed factual allegations pertaining to the events leading to the filing of his complaint. However, plaintiff did not clearly delineate his causes of action against any particular defendant, nor did he include separate counts for each cause of action. Plaintiff concluded the complaint with a prayer for relief requesting, *inter alia*, the following: (1) TROs, (2) an order declaring Executive Order 2020-04 invalid, (3) an order setting the case for hearing on preliminary injunction, and (4) actual damages. Because plaintiff failed to comply with section 2-603, it is difficult to decipher the specific claims raised in his complaint.

¶ 24 Lastly, we note that our review has been complicated by defendants' failure to designate whether the motion to dismiss was filed pursuant to section 2-615 or section 2-619 and the circuit court's failure to provide the basis or bases for its ruling. In his reply brief to this court, plaintiff notes that "[b]ecause of the lack of specificity in both the motion and the record, it is difficult if not uncertain to identify the actual basis for dismissal." We note, however, that it was plaintiff's burden, as the appellant, to present a sufficiently complete record of the proceedings to support a claim of error, and in the absence of such a record on appeal, we presume that the order entered by the circuit court was in conformity with law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Plaintiff notes that there was no recording or transcript of the June 15, 2020, hearing; however, he failed to present an acceptable substitute as permitted by Illinois Supreme Court Rule 323(c) (eff. July 1, 2017). See Ill. S. Ct. R. 323(c) (Rule 323(c) permits "the appellant" to "prepare a proposed report of proceedings" when "no verbatim transcript of the evidence of proceedings is obtainable.").

¶ 25 Despite this, we may still review the circuit court's decision on the merits. See *Friedl v. Airsource, Inc.*, 323 Ill. App. 3d 1039, 1042 n.2 (2001) (because review of a motion to dismiss is *de novo*, "the report of proceedings providing the rationale for the [circuit] court's dismissal is not essential to our disposition"); see also *Fremont Compensation Insurance Co. v. Ace-Chicago Great Dane Corp.*, 304 Ill. App. 3d 734, 738 (1999) (the First District considered the merits of the defendant's attack on the legal sufficiency of the plaintiff's complaint based on its failure to state a cause of action even though that issue was improperly brought under a section 2-619 motion to dismiss in the interests of judicial economy and because plaintiff had an opportunity to respond to the merits of the motion). While we may review the court's decision, any doubts that may arise from the incompleteness of the record will be resolved against plaintiff. *Foutch*, 99 Ill. 2d at 392.

Moreover, we may affirm the circuit court's decision on any basis or ground for which there is a factual basis regardless of the court's reasoning. *Guinn v. Hoskins Chevrolet*, 361 Ill. App. 3d 575, 586 (2005). With this in mind, we consider the parties' specific arguments on appeal.

¶ 26 Defendants argue that plaintiff's complaint was properly dismissed pursuant to section 2-619 based on mootness. Plaintiff agrees that the "request for relief regarding further enforcement of the closing time listed in [Executive Order] 2020-04 was rendered moot by new Ordinance 2020-18 ***." Plaintiff also agrees that he withdrew his request for a TRO against City Attorney Snyder "but left open the issue of later injunctive relief." Plaintiff asserts, however, that the circuit court had no factual or legal basis to dismiss any portion of the lawsuit other than his requests for TROs. We agree with defendants.

¶ 27 A section 2-619 motion to dismiss may be based on mootness. *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 24. Where events occur that make it impossible for a court to render effectual relief, an issue is moot. *Feret v. Schillerstrom*, 363 Ill. App. 3d 534, 538 (2006). Put another way, "[w]hen an intervening event occurs rendering it impossible for a reviewing court to grant the relief to any party, the case becomes moot because a ruling on the issue cannot have any practical effect on the controversy." *International Federation of Professional & Technical Engineers v. Chicago Park District*, 349 Ill. App. 3d 546, 547 (2004).

¶ 28 Here, plaintiff's complaint requested that the circuit court enter an order declaring Executive Order 2020-04 invalid and enjoining defendants from enforcing that order. Plaintiff specifically challenged the portion of Executive Order 2020-04 that required his business to close by 10 p.m. After plaintiff filed suit against defendants, however, the city council adopted Ordinance No. 2020-18, which changed the closing times from 10 p.m. to 1:59 a.m.—the normal closing time of Saluki Bar. In doing so, the city council essentially provided plaintiff with the relief

11

requested in his complaint. As a result, the circuit court's ruling on the validity of Executive Order 2020-04 would have no practical effect on the controversy between the parties and there would be no need to enjoin any of the named defendants from enforcing the order.

¶ 29    We reject plaintiff's assertion that Ordinance No. 2020-18 did not render his request for monetary damages moot. Plaintiff asserted in both his complaint and his brief to this court that he requested money damages "for any compliance with the alleged illegal order." However, plaintiff's complaint clearly alleged that he did not close his business early because he believed Executive Order 2020-04 was invalid. In other words, plaintiff continued running his business as usual and did not comply with the order. Thus, we fail to see how he suffered any monetary damages for complying with Executive Order 2020-04.

¶ 30    Plaintiff does not raise any specific arguments that pertain to the circuit court's dismissal with prejudice; thus, we find he forfeited review of that issue on appeal. Therefore, we conclude that the court did not err by dismissing plaintiff's complaint with prejudice.

¶ 31                                      III. Conclusion

¶ 32    For the foregoing reasons, we affirm the order of the Jackson County circuit court dismissing plaintiff's complaint with prejudice.


¶ 33    Affirmed.